## Martha TORRADO

v.

## Mario SANTILLI, Alias, d/b/a Mario's Italian Restaurant.

### No. 99–547–Appeal.

Supreme Court of Rhode Island.

May 23, 2001.

Peter J. Comerford, Providence.

Joseph C. Salvadore.

### O R D E R

The issue on appeal in this case is whether the trial justice erred in excluding testimony of a witness whom the plaintiff, Martha Torrado, presented as her expert on causation. This case came before the Supreme Court for oral argument on May 8, 2001, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff has appealed the granting of a motion for judgment as a matter of law in favor of defendant, Mario Santilli, Alias, d/b/a Mario's Italian Restaurant (restaurant or defendant). According to plaintiff, she was eating dinner at the restaurant on August 27, 1992, when she ingested a metallic particle in her food. She alleged that the foreign object stuck in her throat for "about a minute" and "caused her extreme pain." She filed the instant action for personal injury in August 25, 1995.

At a jury trial in March 1999, an extensive voir dire was held on the qualifications of plaintiff's only expert witness, Margo Inglese (Inglese), a registered nurse, whose testimony was intended to establish a causal connection between the incident at the restaurant and the resultant anxiety and depression that plaintiff claimed "had features of Post Traumatic Stress Disorder." The trial justice refused to allow Inglese to testify as an expert, finding that she did not possess the qualifications to testify as a causation expert.[1] The plaintiff then asserted that she had no other evidence relating to causation, and she presented no medical records or testimony. Thereupon, defendant moved for judgment as a matter of law, pursuant to Rule 50 of the Superior Court Rules of Civil Procedure, and the trial justice granted the motion. The plaintiff appealed. We affirm the trial justice for the following reasons.

"It is well settled that the determination of the admissibility of expert testimony rests within the discretion of the trial justice, and this Court will not disturb a trial justice's finding on the admissibility of expert testimony * * * or the justice's determinations on whether a given expert is qualified to testify on a particular subject * * * absent an abuse of that discretion. * * * Therefore, our review of a trial justice's admission of expert testimony is deferential." *Neri v. Nationwide Mutual Fire Insurance Company*, 719 A.2d 1150, 1151 (R.I.1998) (quoting *State v. Collins*,

---

1. Inglese testified that she had a bachelor of science degree from the University of Southern Connecticut, majored in psychology and sociology, and earned a masters degree in public health from Yale University School of Medicine, where she participated in a "clinical administrative kind of program" and took medical courses in psychiatry. She also testified that she went through a psychiatric residency training program in which she received the same advanced training as residents with medical doctor degrees.

679 A.2d 862, 867 (R.I.1996)). *See also* Rule 702 of R.I. Rules of Evidence (setting criteria for admission of expert testimony).

Inglese essentially testified that she was a registered nurse who worked full-time as a psychotherapist and maintained a part-time therapy practice out of her home, where she saw plaintiff. Inglese also testified that she had "talked about post-traumatic stress disorder with people," "taught people how to deal with post-traumatic disaster," and had testified as an expert on causal connection "many times." However, on cross-examination, Inglese testified that she had never published articles in the area of post-traumatic stress disorder, was not a licensed psychologist or social worker, and had not worked with a medical doctor or psychiatrist when she treated plaintiff. When asked whether her licensure entitled her to make a diagnosis of "excessive anxiety," Inglese responded "[t]hat's an interesting question, because I never heard [that] question."

Although the trial justice acknowledged Inglese's credentials, he found that she did not possess sufficient medical training or qualifications to express an expert medical opinion on the causation of plaintiff's alleged condition. The trial justice did not abuse his discretion in so ruling.

Among the cases plaintiff cited in support of her appeal was *Owens v. Payless Cashways, Inc.*, 670 A.2d 1240 (R.I.1996), in which the trial justice interpreted title 8 of chapter 5 of the general laws to preclude a witness from giving expert testimony in the field of engineering unless licensed by the state. *Owens*, 670 A.2d at 1242. On the plaintiff's appeal, this Court held that the trial justice misinterpreted the statutes at issue and "failed to exercise his discretion." *Id.*, at 1245. Here, however, the trial justice exercised his discretion and found that the witness lacked the necessary qualifications. In *State v. Bryant*, 670 A.2d 776 (R.I.1996), also cited by plaintiff, we held that the trial justice did not abuse his discretion in allowing a witness to testify as an expert where the witness was a nurse practitioner with specialized training in diagnosing child sexual abuse and had published articles on physical findings in sexual abuse cases. Here, there was no evidence that Inglese was an expert in her field, although she clearly could provide testimony on the treatment she rendered.

We reached a similar conclusion in *Vallinoto v. DiSandro*, 688 A.2d 830 (R.I. 1997), wherein this Court addressed the admissibility of a social worker's testimony to support an allegation of post-traumatic stress disorder. In affirming the trial justice's decision that the social worker was not qualified to testify, *id.* at 840, we held that although the social worker may have been qualified to relate facts about therapy sessions, she was "certainly not qualified to expand upon those facts and to give an expert medical opinion on, and diagnosis of, post-traumatic stress disorder." *Id.* at 840.

For these reasons, the plaintiff's appeal is denied and dismissed. We affirm the judgment of the Superior Court, to which we return the papers of the case.